UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TAYLOR B. HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00048-JRS-MJD |
| ) | |
| MICHAEL RAINS, DUSHAN ZATECKY, ) | |
| and INDIANA DEPARTMENT OF ) | |
| CORRECTION, ) | |
| ) | |
| Defendants. ) | |

**Order on Motion to Dismiss and
Motion for Assistance with Recruiting Counsel**

## I.   Introduction and Background

This is a Title VII case.  42 U.S.C. § 2000e *et seq*.  Hardy, who had worked at the Putnamville jail, brings claims of race discrimination, retaliation, and hostile work environment against his former employer, the Indiana Department of Correction ("IDOC").[1]  Hardy started, as he must, with a complaint to the EEOC; the EEOC issued him a "right to sue" letter on November 9, 2021, (ECF No. 1-1), which gave him 90 days to file suit in federal district court.  Hardy filed his case in this Court 91 days later, on February 8, 2022.  (ECF No. 1.)  The instant dispute is whether the case was timely filed.  Now before the Court is Defendants' Motion to Dismiss, (ECF No. 12), and Hardy's Motion for Assistance with Recruitment of Counsel, (ECF No. 14).

---

[1] Defendants argue, (Br. Supp. 6, ECF No. 13), and Hardy concedes, (Pl.'s Resp. 5, ECF No. 15), that Rains and Zatecky are not proper defendants in this employment discrimination case.  Hardy withdraws his claims against them.

## II.     Legal Standard on Motion to Dismiss

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Where the parties attempt to introduce documents outside the pleadings for consideration on a Rule 12(b)(6) motion, the Court must either decline to consider the documents or else convert the motion to a Rule 56 motion for summary judgment. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). Here, Hardy attaches

2

documents to his response, but he does not argue from them, and they prove irrelevant to the central issue. Thus the Court exercises its discretion to exclude those documents and proceed on a Rule 12 basis. *Id.*

### III. Discussion

#### A. Motion to Dismiss

The dispute here concerns the timeliness of Hardy's filing rather than the merits of the underlying Title VII case. Timeliness is an affirmative defense that need not be preemptively overcome by the complaint, *Del Korth v. Supervalu, Inc.*, 46 F. App'x 846, 848 (7th Cir. 2002); usually, then, it is premature to raise it on a Rule 12(b)(6) motion. The exception is when the plaintiff's own complaint pleads itself out of court by unambiguously establishing the elements of an affirmative defense. *Id.* That is what IDOC argues has happened here.

The applicable rules are well-settled: Hardy had 90 days to file his suit after receiving his right-to-sue notice from the EEOC. 42 U.S.C. § 2000e–5(f)(1). The 90 days are measured from the date Hardy or his attorney actually received the notice. *DeTata v. Rollprint Packaging Prod. Inc.*, 632 F.3d 962, 967–68 (7th Cir. 2011). That date may be, and often is, later than the date the notice was issued. *See id.* (collecting cases in which "receipt" occurs at date of delivery not date of issuance). Indeed, the EEOC's form letter itself notes the timing discrepancy between receipt and issuance and suggests it is "prudent" to avoid timeliness questions by filing within 90 days of issuance, even though that is sooner than strictly necessary. (EEOC Letter 2, ECF No. 1-1.)

Hardy's EEOC letter was issued on November 9, 2021. (ECF No. 1-1.) Hardy filed this suit 91 days later, on February 8, 2022. (ECF No. 1.) If Hardy received the letter the same day it was issued, his suit is untimely; if he received it later, it is timely. The dispositive question, then, is when did Hardy receive the letter?

IDOC argues that Hardy received the letter on November 9, 2021—because he pleaded so himself in his complaint, and on a Rule 12(b)(6) motion the complaint is accepted as true. It is true that Hardy so pleaded. His complaint, which is a form complaint for use by *pro se* litigants, has a checkbox field on page six in which Hardy indicates that the EEOC has "issued a Notice of Right to Sue letter, which [he] received on," then a blank in which Hardy typed "11-09-2021." (Compl. 6, ECF No. 1.) The EEOC letter attached to the complaint[2] indicates it was issued on "11/09/2021." (ECF No. 1-1.) If that were the last word, IDOC would prevail.

But Hardy in response alleges that he "did not go into to the 'portal' until on 11/16/2021 informing him of the EEOC's closing of the case. This was the first time Plaintiff got official notice on the closing of the EEOC case. The official letter from the EEOC was later mailed to Plaintiff after the 9th." (Pl. Resp. 4, ECF No. 15.) The Court understands Hardy to argue that he did not have actual notice of the EEOC disposition until November 16, when he logged into an online portal, and that he did not receive the physical letter in the mail until some time after that—which was, necessarily, well after the November 9 issuance date. If those allegations are

---

[2] Because the letter is attached to the complaint, it is part of the pleadings properly considered on a Rule 12(b)(6) motion. Fed. R. Civ. P. 10(c); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002).

accepted, then Hardy's suit is timely: notice was received on November 16, 2021, at the earliest and the February 8, 2022, filing was well within 90 days.

The Court will accept Hardy's additional narrative. Generally, "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.'" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n. 2 (7th Cir.1997); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir.1997) ("[W]e have held that a plaintiff may supplement the complaint with factual narration in an affidavit or brief.")). Here, of course, Hardy's narrative is not consistent with his complaint: the complaint alleges he received the EEOC letter on November 9, whereas his narrative explanation claims he did not receive EEOC notice until November 16. But the Court is unwilling to lean too heavily on a single line of Hardy's initial complaint. Hardy is *pro se*, and his pleadings are to be construed liberally. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (explaining that, even under *Twombly-Iqbal*, "the pleading standards for pro se plaintiffs are considerably relaxed"). Hardy has not contradicted his own narrative; he has only contradicted a single entry on a form complaint. The form complaint does not emphasize the potential time bar issue; it is natural enough to put the date on the letter into the blank asking for the date the letter was received. Once the time bar issue was raised on IDOC's motion to dismiss, Hardy clarified his position with a factual narrative, which seems plausible. (The

5

assertion that Hardy received the letter the same day it was issued is the more implausible.)

Besides, if the Court were to disallow Hardy's narrative explanation, it would dismiss Hardy's complaint without prejudice and with leave to amend; Hardy would resubmit his complaint with the "letter received" date fixed, and the case would proceed; the only effect would be delay. The Court sees no sense in that.

When the Court accepts Hardy's additional narrative, IDOC's argument fails. Taking the narrative as true, Hardy did not have actual notice until November 16, 2021, at the earliest, and his February 8, 2022, filing was timely. IDOC may later put that narrative to the proof, but on a Rule 12(b)(6) motion, dismissal for untimeliness is premature. *Del Korth*, 46 F. App'x at 848.

B. Motion for Assistance with Recruiting Counsel

The Court next turns to Hardy's "Motion for Assistance with Recruiting Counsel." (ECF No. 14.) "In a civil case, the court has discretion to recruit counsel to represent a litigant who is unable to afford one." *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.,* 706 F.3d 864, 866–67 (7th Cir. 2013)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote,* 503 F.3d 647, 653 (7th Cir. 2007). "If a plaintiff makes a reasonable attempt to secure counsel, the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar,* 781 F.3d at 696 (quoting *Pruitt,* 503 F.3d at 655). This

inquiry focuses not only on the plaintiff's ability to try his case, but "also includes other 'tasks that normally attend litigation' such as 'evidence gathering' and 'preparing and responding to motions.'" *Id.*

Here, Hardy's only indication that he has unsuccessfully attempted to obtain legal counsel on his own is a one-line claim that he could not afford the fees of Ryan Fox at Fox & Sink, LLC. That does not seem to the Court a "reasonable" effort. He should make further efforts to secure counsel. In any case, Hardy's complaint and his response to the motion to dismiss are coherent. At this stage, it appears that Hardy is competent to litigate this case himself. His motion for assistance with recruiting counsel is therefore denied. Hardy may renew his motion later should his further efforts to secure counsel fail and should the case become more complex than it is at present.

### IV. Conclusion

Hardy withdraws his claims against Defendants Rains and Zatecky. Rains and Zatecky are **dismissed from the case** and should be removed from the docket**.**

The Court excluded documents outside the pleadings; it declined to convert IDOC's motion into a Rule 56 motion; and so it considered IDOC's motion under Rule 12(b)(6), as initially filed.

IDOC's Motion to Dismiss, (ECF No. 12), is **denied.**

Hardy's Motion for Assistance with Recruiting Counsel, (ECF No. 14), is **denied.**

**SO ORDERED.**

Date: 10/26/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

Distribution by U.S. Mail to:

TAYLOR HARDY
3611 Thornhill Circle W.
Lafayette, IN 47909